IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUVERNE L. JOHNSON, ) | |
| ) | 4:10CV3016 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on plaintiff's motion for attorney fees, Filing No. 26. Plaintiff moves for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) for 12.1 hours of work at a rate of $125.00, for a total of $1,512.50. Defendant has filed a response indicating that he has no objection to a fee amount of $1,512.50 pursuant to the EAJA. Filing No. 31. However, defendant notes that this amount is subject to any offset to satisfy any preexisting debt that the plaintiff might owe to the United States. See *Astrue v. Ratliff*, 130 S. Ct. 2521, 2527 (2010).

The court finds the plaintiff is entitled to an award pursuant to 42 U.S.C. § 405(g) as a prevailing party in this action. See *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The court further finds that the request is reasonable as to hourly amount and hours spent. Payment in the amount of $1,512.50 shall be paid directly to attorney James Schneider, with the understanding that any payment of the attorney fees by the claimant pursuant to 42 U.S.C. § 406(b) will be reduced by the amount of the fee authorized under the EAJA and will be reduced by any qualifying offset.

THEREFORE, IT IS ORDERED that plaintiff's motion for payment of attorney fees, Filing No. 26, is granted. Payment in the amount of $1,512.50, minus any authorized deductions, shall be paid directly to attorney James Schneider as set forth herein.

DATED this 21st day of June, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

2